## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHE, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:13cv00786 |
| | ) | |
| | ) | |
| DOES 1-122. | ) | ***JURY TRIAL DEMANDED*** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS
## PURSUANT TO FED. R. CIV. P. 4(m)

**I.     Introduction**

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Motion Picture on the Internet. At the time of filing, Plaintiff's investigator was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, the only way that Plaintiff can determine Defendants' actual names is with cooperation from the Defendants' Internet Service Provider ("ISP"). Docket No. 9.

The Court entered an order on February 28, 2013 allowing early discovery. Docket No. 14. Plaintiff issued an initial subpoena out of the Middle District of Pennsylvania to Defendants' ISP, Comcast. On April 25, 2013, Plaintiff reissued this subpoena out of this Court with a revised production date of May 17, 2013. *See, e.g.*, Docket No. 47. The Court then extended the deadlines for all Defendant Does to file any motions to quash to June 3, 2013. Docket No. 49. In accordance with this extended schedule, Plaintiff has yet to receive any information responsive to the subpoena. Plaintiff, therefore, has not yet received the requisite identifying information needed in order to name and serve the Doe Defendants. Plaintiff will not receive this information on or before May 31, 2013.

WHEREFORE, Plaintiff requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case for a reasonable amount of time (*i.e.*, an additional 120 days from May 31, 2013).

## II. Argument

### a. Upon a Showing of Good Cause, the Court Must Extend the Time for Service on Defendants.

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also *Stanley v. Martin*, No. 12C4670, 2013 WL 331267 at *1 (N.D. Ill. Jan. 29, 2013) ("If the plaintiff meets this burden and demonstrates good cause for the untimely service, the court must provide the plaintiff with an extension of time.") (*citing Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in the absence of good cause. *Id.* at *2.

2

This Court has employed a flexible approach to determining the good cause standard for extending time under Rule 4(m), noting that "[g]ood cause exists if the plaintiff can point to a 'valid reason' for the delay in service." *Id.* at *1 (*citing Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). "Although there is no precise test for good cause, the plaintiff must show, at a minimum, 'reasonable diligence' in his or her efforts to serve the defendant." *Id.* (*citing Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993)). When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### b.  Plaintiff has Good Cause to Extend the Time Limit for Service.

Plaintiff can show both good cause and reasonable basis why it has not named and served the Defendants in this case within 120 days of filing the complaint. Plaintiff's complaint was filed on January 31, 2013 and named Does 1-122 as Defendants. Docket No. 2. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on February 28, 2013. *See* Docket Nos. 7, 14. On April 25, 2013, Plaintiff served a subpoena on the non-party ISP of the Doe Defendants requesting production of identifying information by May 17, 2013. Plaintiff has yet to receive this information and, in

3

accordance with the briefing schedule set forth in Docket Number 49, will not by May 31, 2013

service date requirement of Rule 4(m).

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet

named and served the Defendants in this case. First, Plaintiff has not yet received any responsive

information from the Comcast for any Doe Defendants. Second, the Defendants have not been

prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow

Plaintiff to obtain identifying information from the ISP and to properly determine the validity of

its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional

time to name and serve the Defendants. Again, the Doe Defendants already identified by Plaintiff

have actual notice of the claims asserted, and none of the Defendants will be prejudiced by the

granting of Plaintiff's request.

**III.    Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the

time by which Plaintiff must name and serve the Defendants in this case. Out of an abundance of

caution, Plaintiff respectfully requests an additional 120 days from the May 31, 2013 Rule 4(m)

disclosure date, to September 28, 2013, in which to effectuate service on the Doe Defendants.


Dated:  May 30, 2013                              Respectfully submitted,
                                                  SIMMONS BROWDER GIANARIS
                                                  ANGELIDES & BARNERD LLC


                                                  By: /s/ Paul A. Lesko
                                                  Paul A. Lesko – IL Bar No. 6288806
                                                  One Court Street

4

Alton, IL 62002
Ph: 618.259.2222
Fax: 618.259.2251
plesko@simmonsfirm.com

Patrick J. Keating – IL Bar No. 6211380
230 West Monroe, Suite 2221
Chicago, IL 60606
Ph: 312.759.7500
Fax: 312.759.7516
pkeating@simmonsfirm.com

**_Attorneys for Plaintiff PHE, Inc._**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record.


Erin Kathryn Russell
The Russell Firm
233 South Wacker Drive
84th Floor
Chicago, IL 60606
312 994 2424
Fax: 312-706-9766
erin@russellfirmchicago.com
*Attorney for Does 17, 42, 48, 64, 65, 72, 78, 91 & 109*

Jorge Antonio Rodriguez
The Gloria Law Group
211 West Wacker Drive
Suite 500
Chicago, IL 60606
847-376-8683
Fax: 847-376-8529
lawoffice.jarodriguez@gmail.com
*Attorney for Doe 122*

Lawrence A. Stein
Huck Bouma PC
1755 South Naperville Road
Wheaton, IL 60187-8132
(630) 221-1755
Fax: (630) 221-1756
lstein@huckbouma.com
*Attorney for Kelly M Sheer*


*/s/ Paul A. Lesko*_____

Attorney for Plaintiff PHE, Inc.