UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-786 |
| v. ) | |
| ) | Judge John W. Darrah |
| DOES 1-122, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff PHE, Inc. ("PHE") has moved for default judgment against Doe Defendants 38, 50, 66, and 117. For the following reasons, the Motion [99] is granted. The Clerk of Court will be directed to enter judgment against Doe Defendants 38, 50, 66, and 117 as follows: (1) PHE is awarded statutory damages under 17 U.S.C. § 504(c)(1) in the amount of $1,500 per Defendant, for a total award of $6,000; (2) PHE is awarded $2,573.32 in costs and attorney's fees under 17 U.S.C. § 505; and (3) PHE is awarded permanent injunctive relief under 17 U.S.C. §§ 502(a) and 503(b).

## BACKGROUND

PHE filed this action against Defendants on January 31, 2013, seeking damages and injunctive relief for willful copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. On November 1, 2013, PHE filed its First Amended Complaint. PHE alleges that it holds the copyright to the motion picture "Buffy the Vampire Slayer XXX: A Parody" (the "Motion Picture"). PHE alleges that each Defendant, without PHE's permission or consent, used BitTorrent software to download and/or

distribute PHE's copyrighted Motion Picture.  (First Am. Compl. ¶¶ 4, 83, 90.)   PHE alleges that each Defendant participated in a "swarm," in which they engaged in mass copyright infringement by illegally uploading and sharing the Motion Picture within a file shared among all members of the swarm.  (*Id.* ¶ 5.)

PHE issued third-party subpoenas to the Internet Service Providers ("ISPs") to identify each of the Defendants.   On December 6-8, 2013, Doe Defendants 38, 50, 66 and 117 were all served with a Summons and First Amended Complaint, but none appeared, answered, or otherwise responded to the First Amended Complaint.   (*See* Decl. of Sarah S. Burns, Dkt. No. 100, ¶¶ 4-18.) On January 21, 2014, PHE filed a motion for entry of default, pursuant to Federal Rule of Civil Procedure 55(a).   On January 28, 2014, after a hearing, this Court entered default against Doe Defendants 38, 50, 66 and 117.   PHE has now moved for a default judgment pursuant to Rule 55(b)(2), requesting statutory damages under the Copyright Act, costs and attorney's fees, and injunctive relief against those Doe Defendants.

## DISCUSSION

*Procedure for Obtaining Default Judgment*

Under Federal Rule of Civil Procedure 55, a plaintiff seeking a default judgment must satisfy two steps.   Fed. R. Civ. P. 55; *see also UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).   First, the plaintiff must obtain an entry of default, pursuant to Rule 55(a), by demonstrating that the defendant has failed to answer or otherwise respond to the complaint within twenty-one days of being served, as required by Federal Rule of Civil Procedure 8.  *Id.*   Second, once default has been entered, the plaintiff may then seek a default judgment against the defendant, pursuant to Rule 55(b).   It is in the district court's discretion whether to enter default judgment.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398

(7th Cir. 1993).

In this case, the Court finds that the Rule 55(b)(2)'s procedural requirements for a judgment of default have been met. *See* Fed. R. Civ. P. 55(b)(2). Next, liability and damages must be determined.

*Liability for Infringement*

As a general rule, default judgment establishes that a defendant is liable, as a matter of law, for the causes of action alleged in the complaint by the plaintiff. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). The well-pleaded factual allegations of the complaint are deemed admitted, except as to the allegations on damages. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); Fed. R. Civ. P. 8(b)(6). To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted). To establish a claim for contributory copyright infringement, a plaintiff must show: "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Monotype Imaging, Inc. v. Bitstream*, Inc., 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005) (internal citations omitted). Sharing, or "swapping," copyrighted works online can infringe copyrights and violate the copyright holders' reproduction and distribution rights. *See, e.g., In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted, [online] swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers . . . are the direct infringers."); *Capital Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 850 (S.D. Ill. 2006).

Here, PHE has alleged that it is the owner of the copyrighted Motion Picture and has

3

provided the certificate of registration. PHE has also alleged that Defendants, without PHE's permission, used BitTorrent to illegally download, reproduce, and distribute the Motion Picture. (First Am. Compl. ¶¶ 60-62, 69-79.) PHE has also alleged that each Defendant contributed to the infringing conduct of other BitTorrent users. (*Id.* ¶¶ 83, 90.) Consequently, PHE has established Doe Defendants 38, 50, 66, and 117 are liable for copyright infringement and contributory copyright infringement.

*Damages*

Under Section 504 of the Copyright Act, a plaintiff may elect, at any time before final judgment is rendered, to recover statutory damages instead of actual damages. 17 U.S.C. § 504(a)-(c). The Copyright Act provides that statutory damages may be awarded "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c). Where the plaintiff carries his burden of proving that the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* A district court has "wide discretion" and is "not required to follow any rigid formula" in setting damages within the statutory range. *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991).

Here, PHE requests statutory damages in the amount of $7,500 per Defendant and argues that, by defaulting, the Defendants have conceded that the infringement was willful. PHE argues that its lost sales caused by Defendants exceed $30,000 but does not provide further detail. Courts considering similar infringement actions for unauthorized online-distribution of media have awarded a range of statutory damages. *See, e.g., UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 843 (S.D. Ill. 2006) (awarding plaintiffs $750 per infringement, for a total statutory damages award of $3,750 in default judgment involving music downloads and

distribution, where plaintiffs sought minimum statutory damages); *Capital Records*, 461 F. Supp. 2d at 851 (same); *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 817 (E.D. Tenn. 2006) (in default judgment case, awarding $1,200 per infringement in statutory damages for a total amount of $6,000); *Malibu Media, LLC v. Fantalis*, No. 12-CV-00886-MSK-MEH, 2013 WL 1149572, at *1 (D. Colo. Mar. 19, 2013) (awarding statutory damages of $2,500 in default judgment against a defendant alleged to have participated in an online "swarm" of downloading a collection of works owned by plaintiff); *Patrick Collins, Inc. v. Gillispie,* 11-CV-01776-AW, 2012 WL 666001, at *4 (D. Md. Feb. 23, 2012) (in alleged BitTorrent distribution case, awarding $6,000 per work per defendant in default judgment).

In *Malibu Media, LLC v. Brenneman*, 3:13-CV-00332-PPS, 2013 WL 6560387, at *2 (N.D. Ind. Dec. 13, 2013), the court held that damages of $1,500 per work was sufficient to compensate plaintiff and deter future infringement. The *Malibu Media* court noted that the defendant was "merely one participant in a group of users sharing bits and pieces of [the plaintiff's] works." *Id.* The court further remarked on its concern about "copyright trolls":

> I am troubled, as are other courts around the country, by the rise of so-called "copyright trolls" in the adult film industry, meaning copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements.

*Id.* (citing *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 189-90 (D. Mass. 2012) and James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86 (2012)). Likewise, some commentators have urged courts to not find defendant's infringing conduct to be "willful" and eligible for enhanced statutory damages based solely on a default judgment, without additional, independent evidence of egregious conduct. *See* Pamela Samuelson, Tara Wheatland, *Statutory*

5

*Damages in Copyright Law: A Remedy in Need of Reform,* 51 Wm. & Mary L. Rev. 439, 505-506 (2009).

As in *Malibu Media*, the Court here finds that an award of $1,500 per Defendant is reasonable to compensate PHE and deter future infringement. Consequently, statutory damages are awarded against each Defendant in the amount of $1,500, for a total award of $6,000 pursuant to 17 U.S.C. § 504(c)(1).

*Injunctive Relief*

PHE also requests injunctive relief against each Defendant. Specifically, PHE requests that each Defendant be enjoined permanently from directly or contributorily infringing PHE's copyrighted Motion Picture and also ordered to destroy all copies of the Motion Picture made in violation of PHE's exclusive rights, as well as masters in their possessions from which copies may be reproduced.

Under Section 502 of the Copyright Act, a court is authorized to grant temporary and final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502(a). Furthermore, a court may order the destruction of copies that were made or used in violation of the copyright owner's exclusive rights. 17 U.S.C. § 502(b). Consequently, courts have enjoined future infringement by a defendant. *See BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir. 2005) (affirming award of prospective relief against music downloader and remarking that "[a]n injunction remains appropriate to ensure that the misconduct does not recur as soon as the case ends"); *see also Malibu Media, LLC*, 2013 WL 6560387, at *3. Likewise, courts have ordered that a defendant destroy all copies of infringed works in a defendant's possession and control. *See, e.g., Malibu Media, LLC*, 2013 WL 6560387, at *3; *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 966 (N.D. Ind. 2006);

*Disney Enterprises*, 427 F. Supp. 2d at 820.

In this case, Doe Defendants 38, 50, 66, and 117 have not responded to the action. Given PHE's allegations, those Defendants pose a risk of future infringement if they are not enjoined from continuing to violate its copyright. Consequently, PHE is awarded injunctive relief.

*Costs and Fees*

Under 17 U.S.C. § 505, the court has the discretion to award costs and fees to the prevailing party. PHE requests $2,573.32 in costs and attorney's fees and has provided a declaration to support that request. Given the circumstances of the case, the Court finds this amount to be reasonable and awards $2,573.32 in costs and attorney's fees to PHE.

**CONCLUSION**

For the following reasons, PHE's Motion for Default Judgment [99] is granted. The Clerk of Court is directed to enter judgment against Doe Defendants 38, 50, 66, and 117 as follows:

(1) PHE is awarded statutory damages, under 17 U.S.C. § 504(c)(1), in the amount of $1,500 per Defendant, for a total award of $6,000;

(2) PHE is awarded $2,573.32 in costs and attorney's fees under 17 U.S.C. § 505; and

(3) PHE is awarded permanent injunctive relief under 17 U.S.C. §§ 502(a) and 503(b), as follows:

    (a) each Defendant is permanently enjoined from directly or contributorily infringing PHE's copyrighted Motion Picture; and

b) each Defendant is ordered to destroy all copies of the Motion Picture in his or her possession or control that were made or used by him or her in violation of PHE's exclusive rights, as well as all masters in his or her possession from which copies may be reproduced.

Date: May 7, 2014

United States District Court Judge